UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL FLYNN,<br><br>    Plaintiff,<br><br>v.<br><br>BETH ISRAEL LAHEY HEALTH,<br>BETH ISRAEL DEACONESS HOSPITAL PLYMOUTH, INC.,<br><br>    Defendants. | Civil Action No: |

## COMPLAINT AND JURY TRIAL DEMAND

Now comes the Plaintiff, Carol Flynn, by and through undersigned counsel, and for her Complaint of discrimination against Beth Israel Lahey Health and Beth Israel Deaconess Hospital- Plymouth, Inc, states and avers as follows:

### INTRODUCTION

1. Plaintiff, Carol Flynn, was employed by Defendant in an office-based position as a Pre-Admission Testing (PAT) nurse., brings this action against Defendant, Beth Israel Lahey Health for wrongful termination of her employment in violation of 42 U.S.C § 1983, Title VII of the Civil Rights Act of 1964, M.G.L. c. 151B, § 4(1A) because she requested accommodation against receiving a booster shot of the COVID-19 vaccine because of sincerely held religious beliefs.

### I. PARTIES

2. Plaintiff, Carol Flynn (hereinafter the "Plaintiff" or "Flynn") "a born-again Christian" submitted a request for a religious exemption on or about February 8, 2022, citing her sincerely held religious beliefs that her body is a temple of the Holy Spirit. (1 Corinthians

1

6:19-20) Her request for accommodation was denied and she was wrongly terminated on July 12, 2022.

3. Beth Israel Lahey Health (hereinafter, "BILH") is duly organized in Massachusetts, with its principal office located at 20 University Road, Cambridge, Massachusetts 02138.

4. Beth Israel Lahey Health Plymouth, Inc., (hereinafter "BILH-Plymouth"), is duly organized in Massachusetts, with its principal office located at 275 Sandwich Street, Plymouth, Massachusetts 02360.

5. Both BILH and BILH-Plymouth are employers within the meaning of 42 U.S.C. § 2000e(b) and M.G.L. c. 151B, § 1(5), with more than fifteen (15) employees.

6. The Defendants violated Plaintiff's civil rights by summarily and wrongly terminating her employment on or about July 12, 2022.

7. The Defendants negligently, unlawfully, and wrongly terminated the Plaintiff when it denied her request for a Religious Exemption and Accommodation, causing Flynn to suffer a significant financial loss.

## II. JURISDICTION

8. This Court has jurisdiction pursuant to 42 U.S.C § 1983, 28 U.S.C § § 1331, 1343 and 1367.

9. Venue is proper pursuant to 28 U.S.C § 1391 (b).

## III. FACTS

10. Flynn has over forty (40) years' experience as an RN and had planned to retire in June of 2025. Flynn was less than three (3) years from retiring when she was unlawfully terminated from BILH-Plymouth. Flynn has a Bachelor of Science Degree in Nursing is certified in

Advanced Cardiovascular Life Support ("ACLS") and Pediatric Advanced Life Support ("PALS").

11. Flynn was making fifty-nine dollars ($59.00) per hour as an RN at BILH-Plymouth. Flynn's desk position as an RN in the Pre-Admission Testing Department of BILH-Plymouth accommodated her physical disability, as she could not stand for long periods of time due to an on-the-job, work-related injury.

12. Plaintiff sustained a serious cervical spine injury in 2008 while working for Defendant, requiring surgery and ongoing chiropractic care and massage therapy to manage pain.

13. In January 2022, Defendant mandated that all employees receive a third COVID-19 vaccine booster by March 1, 2022, as a condition of continued employment.

14. Flynn, after reluctantly agreeing to take the first two doses of the COVID-19 vaccine while struggling with same, submitted a timely request to be exempt from Defendant's Vaccine Policy requiring its employees to receive the COVID-19 vaccine based upon her sincerely held religious beliefs after receiving what she perceives as signs from God expressing God's displeasure with her taking the first 2 vaccine shots and making clear to her that her position and connection with God would be forfeited should she take another vaccine.. A copy of Plaintiff's request is attached hereto and incorporated herein as "**Exhibit A**".

15. Flynn believes she is commanded to honor God by caring responsibly for her body and avoiding actions that could harm it. She expressed that receiving the COVID-19 vaccine violated her sincerely held religious beliefs, as she perceived it could injure her body and was compelled not to take further vaccines after receiving what she perceives as signs from God expressing God's displeasure with her taking the first 2 vaccine shots and making clear to her

that her position and connection with God would be forfeited should she take another vaccine..

16. Additionally, she emphasized that her faith is in Jesus Christ, not tied to any specific church or denomination, which she believes secular individuals may struggle to understand.

17. Her religious exemption request was denied by Defendants, with the committee stating, "no religion forbids vaccines," which she felt mocked her beliefs and demonstrated a lack of discernment of spiritual matters by those reviewing her request.

18. As of June 15, 2021, the former Massachusetts Governor, Charles D. Baker, had already terminated the "COVID-19" State of Emergency. As a matter of law and fact, after June 15, 2021, the Commonwealth of Massachusetts declared there was no longer any "COVID-19 Emergency" in existence.

19. On its March 18, 2021, BILH "Janssen/Johnson & Johnson COVID-19 Vaccine Talking Points and FAQ's" sheet, BILH admitted that "This vaccine was developed in collaboration with Dan Barouch, MD, PhD, Director of the Center for Virology and Vaccine Research at Beth Israel Deaconess Medical Center", (BILH).

20. Plaintiff was not permitted to work beginning in April 2022 due to non-compliance with the vaccine mandate and was officially terminated on July 12, 2022. Defendant denied Plaintiff's exemption request, stating that "no religion forbids vaccines," and failed to accommodate Plaintiff's religious beliefs as required under Title VII of the Civil Rights Act of 1964 violating her civil rights under 42 U.S.C § 1983 while acting under color of state law.

21. Plaintiff's termination forced her to accept a lower-paying, physically demanding job in Florida, which exacerbated her pre-existing neck and back injuries.

22. Plaintiff suffered emotional anguish, extreme stress, and disruption of important relationships due to Defendants' actions. Plaintiff's termination caused significant financial losses.

23. It is unlawful for an employer to force an employee to partake in a Medical Procedure against her will. Plaintiff contends she was forced to choose between her job and a medical procedure offered under emergency use, authorized in violation of her civil rights pursuant to 42 U.S.C § 1983.

24. The Pfizer vaccine had the following side effects and on October 22, 2020, the FDA's Vaccines and Related Biological Products Advisory Committee conducted a meeting for various attendees to discuss sundry matters related to the COVID-19 pandemic. During this meeting, a slide presentation was given wherein one slide disclosed the following possible "risks" or "side-effects" of the vaccines:

   a. Guillain-Barré syndrome;
   b. Acute disseminated encephalomyelitis;
   c. Transverse myelitis;
   d. Encephalitis/myelitis/encephalomyelitis/meningoencephalitis/meningitis/encepholapathy;
   e. Convulsions/seizures;
   f. Stroke; Narcolepsy and cataplexy;
   g. Anaphylaxis;
   h. Acute myocardial infarction;
   i. Myocarditis/pericarditis;
   j. Autoimmune disease;
   k. Deaths;
   l. Adverse symptoms during pregnancy and birth outcomes;
   m. Other acute demyelinating diseases;
   n. non-anaphylactic allergic reactions;
   o. Thrombocytopenia;
   p. Disseminated intravascular coagulation;
   q. Venous thromboembolism;
   r. Arthritis and arthralgia/joint pain;
   s. Kawasaki disease;
   t. Multisystem Inflammatory Syndrome in Children;
   u. Vaccine enhanced disease
   v. The following side effects had been reported to Pfizer, which was a lead customer of Parexel:
      i. severe allergic reactions

5

    ii. non-severe allergic reactions such as rash, itching, hives, or swelling of the face;
    iii. injection site pain;
    iv. tiredness;
    v. headache;
    vi. muscle pain;
    vii. chills;
    viii. joint pain;
    ix. fever;
    x. injection site swelling;
    xi. injection site redness;
    xii. nausea;
    xiii. feeling unwell;
    xiv. swollen lymph nodes (lymphadenopathy);
    xv. diarrhea.
    xvi. vomiting; and
    xvii. arm pam.

25. The other vaccines from other manufacturers had similar side effects.

26. Notwithstanding the side effects, risks and lack of safety, Defendant demanded that all of its employees receive experimental medical treatments in violation of 42 U.S.C § 1983. By advising its employees to take medical treatments as a condition of employment, Defendant was making medical decisions and judgments for all its employees without adequate testing and without informed knowledge regarding the side effects and risks and benefits of the COVID-19 vaccine medical treatments.

27. Defendants incentivized its employees to receive the vaccine and demanded that they all, including Plaintiff, receive the COVID-19 vaccine as a requirement of continued employment, while summarily denying her request for a reasonable accommodation and violating her civil rights under 42 U.S.C § 1983.

28. Defendant demanded that its employees receive experimental medical treatments without providing its employees with requisite information including Plaintiff to make her own decision whether the medical procedure prevents her from contracting or spreading the disease in violation of 42 U.S.C § 1983.

29. The Nuremberg Code may or may not apply directly to this action, however, the first of the ten basic principles of the Nuremberg Code provides that:

> "The voluntary consent of the human subject is absolutely essential. This means that the person involved should have legal capacity to give consent; should be situated as to be able to exercise free power of choice, without the intervention of any element of force, fraud, deceit, duress, overreaching, or other ulterior form of constraint or coercion, and should have sufficient knowledge and comprehension of the elements of the subject matter involved as to enable him to make an understanding and enlightened decision."

## IV. CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF Title VII and M.G.L. c. 151B

30. The Plaintiff re-alleges the foregoing Paragraphs 1-28 as if set forth again here.

31. Defendants failed to provide reasonable accommodation for Plaintiff's sincerely held religious beliefs, as required under Title VII of the Civil Rights Act of 1964.

32. Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of that individual's religion. 42 U.S.C.§ 2000e-2(a)(1). An employer must "reasonably accommodate" an employee's religious practice unless such accommodation would impose "undue hardship" on the conduct of the employer's business. " Id. § 2000e(j). To reiterate, the means to accommodate Plaintiff would not have added additional costs, as the policies, procedures and equipment were already in place since the beginning of the COVID-19 pandemic.

33. Upon information and belief, Defendants granted one (1) or more exemption due to religious or medical reasons.

34. Plaintiff, at all relevant times, was engaged in protected activity under M.G.L. Chapter 151B and 42 USC§ 2000e et seq.

35. Plaintiff emphasizes that her faith is in Jesus Christ, not tied to any specific church or denomination.

## COUNT II: VIOLATION OF 1ST AMENDMENT OF THE UNITED STATES CONSTITUTION (42 U.S.C § 1983)

36. Plaintiff re-alleges the foregoing Paragraphs 1- 34 as if set forth again here.

37. Defendants, at all times relevant to this action, were acting under color of state law.

38. Defendants, while acting under color of state law, violated Plaintiff's constitutional rights, guaranteed to her by the First and Fourteenth Amendment of the United States Constitution, by discriminating against her based upon her religion and inhibiting her right to freely practice her religion and not to be forced to participate in an experimental medical procedure without consent and against her free will.

39. Defendants' conduct and actions against Plaintiff were not made in good faith and violated Plaintiffs 1983 civil rights while acting under the color of law.

40. Plaintiff asserts that her religious exemption request was denied on the grounds that "no religion forbids vaccines," which she perceived as mocking and dismissive of her civil rights.

41. Plaintiff argues that individuals reviewing her request were not qualified and lacked the ability to discern spiritual matters, thereby failing to respect her civil rights and sincerely held religious convictions.

42. By denying Plaintiff's exemption and terminating her employment, Plaintiff believes her employer infringed upon her civil rights to freely exercise her religious beliefs without government interference in violation of 42 U.S.C § 1983.

43. As a direct and proximate result of Defendants' unreasonable and unlawful actions, the Plaintiff has suffered substantial damages, both compensatory and general, including but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation and general suffering.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter Judgment against Defendants finding that its conduct was knowingly and negligently in bad faith, with knowledge or reason to know that its actions violated Flynn's Constitutional rights, caused substantial hardships to her, was against public policy and Federal law,:

A. Award compensatory damages in an amount to be determined at trial.

B. Award punitive damages in an amount to be determined at trial.

C. Award Plaintiff's costs and attorney's fees.

D. Grant such other relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues and counts so triable.

Respectfully submitted,
The Plaintiff,
Carol Flynn,
By her attorneys,

DATED: July 9, 2025

/s/Richard C. Chambers, Jr.
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
E-mail: Richard@chamberslawoffice.com

9

DATED: July 9, 2025

/s/Joseph Spinale
Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
E-mail: Joe@chamberslawoffice.com

10