**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAROL FLYNN,<br><br>Plaintiff,<br><br>vs.<br><br>BETH ISRAEL LAHEY HEALTH, BETH ISRAEL DEACONESS HOSPITAL PLYMOUTH, INC.,<br><br>Defendants. | C.A. No. 1:25-cv-11953-DJC |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1(b)(1), Defendants Beth Israel Lahey Health ("BILH") and Beth Israel Deaconess Hospital Plymouth, Inc. ("BIDH-P") (together, "Defendants") submit this memorandum of law in support of their Motion to Dismiss Plaintiff Carol Flynn's ("Plaintiff") Complaint (the "Complaint").

**INTRODUCTION**

Plaintiff is a former employee of BIDH-P who, after receiving her first two doses of the COVID-19 vaccine, sought a religious exemption from taking a third "booster" shot that was required under Defendants' mandatory COVID-19 vaccine policy (the "Policy"), which required full vaccination as a condition of employment. After Plaintiff's exemption request was denied and she refused to get the booster shot, Plaintiff was deemed to have resigned from her employment due to her noncompliance with the Policy.

Almost three years after her termination, Plaintiff filed the Complaint before this Court without ever filing a claim with the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD"). In her Complaint, Plaintiff advances two meritless claims. Count I, which alleges discrimination on the basis of religion,

fails at the first stage; Plaintiff never filed a complaint or charge with the MCAD or EEOC and thus failed to exhaust her administrative remedies. Because far more than 300 days have passed since the termination of Plaintiff's employment, Plaintiff cannot cure this fatal procedural defect. Accordingly, Count I must be dismissed.

Count II, which alleges violation of constitutional rights, fairs no better. It fails because Plaintiff cannot show that she was deprived of any secured, fundamental right, or that Defendants, which are private entities, were acting under color of state law in adopting or enforcing the Policy.

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was employed by BIDH-P as a Pre-Admission Testing Nurse. Cp., ¶1. After having received two doses of the COVID-19 vaccine, Plaintiff perceived that she had received "signs from God" suggesting she should not take an additional dose of the vaccine. *Id.* at 13-14. Plaintiff then requested a religious exemption from the Policy requirement that employees receive a third "booster" dose of the COVID-19 vaccine by March 1, 2022, as a condition of continued employment. *Id.* at ¶¶13-14. Defendants denied Plaintiff's exemption request, and because she did not comply with the vaccine mandate, her employment with Defendants terminated on July 12, 2022. *Id.* at ¶¶17, 20.

## ARGUMENT

### I. Legal Standard

To survive a motion to dismiss, a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face."' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Iqbal*, 556 U.S. at 664 (citation omitted). An allegation is conclusory and must be set aside if it "merely offer[s] legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quotations, brackets, and ellipses omitted) (quoting *Iqbal*, 556 U.S. at 678).

## II. **Plaintiff Failed to State a Claim for Religious Discrimination**

Plaintiff's claim for discrimination on the basis of religion fails because she did not exhaust her administrative remedies before instituting this action.

It is a long-established tenet of federal and Massachusetts law that before a plaintiff may bring a civil action arising under Title VII or Chapter 151B, she must first file a complaint with the administrative agency charged with addressing and resolving such claims. *See Lattimore v. Polaroid Corp*., 99 F.3d 456, 464 (1st Cir. 1996) ("Both Title VII and Chapter 151B require an employee to file an administrative charge as a prerequisite to commencing a civil action for employment discrimination."). Failure to do so results in dismissal of such claims. *See Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) (the "unexcused failure to exhaust administrative remedies effectively bars the courthouse door"); *Harper v. Melendez*, 2019 WL 6307201, at *2 (D. Mass. Nov. 22, 2019) (dismissing discrimination claims where plaintiff did not allege he filed an administrative charge prior to commencing civil action).

Here, Plaintiff does not allege that she filed anything at all with any administrative agency. *See generally* Complaint. Indeed, during the Rule 7.1 conference between Defendants' counsel and Plaintiff's counsel regarding this motion, Plaintiff's counsel confirmed that Plaintiff did not file a claim with the EEOC or MCAD before instituting this action. *See* Defendants' Motion to Dismiss, Rule 7.1 Certification. Accordingly, Plaintiff's claim for religious discrimination must be dismissed. *Halsten v. Prompt Praxis Lab'ys, LLC*, 2023 WL 4471831, at *2 (D. Mass. July 11, 2023) (dismissing discrimination claim where plaintiff did not file charge

of discrimination with administrative agency prior to filing suit); *Trivedi v. Gen. Elec. Co.*, No. CV 19-11862-PBS, 2020 WL 9744754, at *9 (D. Mass. Aug. 13, 2020), *report and recommendation adopted*, 2021 WL 2229088 (D. Mass. May 27, 2021), *aff'd*, No. 21-1434, 2022 WL 1769136 (1st Cir. May 3, 2022) (same).

**III. Plaintiff Has Failed to State a Claim under Section 1983 (Count II)**

In support of her claim under 42 U.S.C. § 1983 ("Section 1983"), Plaintiff alleges, incorrectly, that BILH was "acting under color of state late" when it "discriminated against her based on her religion and inhibiting her right to freely practice her religion." Cp., ¶ 37-38. This claim is baseless in every particular.

To make out a viable Section 1983 claim, a plaintiff must show both that she was deprived of a federally secured right and that the challenged conduct transpired under color of state law. *E.g.*, *Klunder v. Brown Univ.*, 778 F.3d 24, 30 (1st Cir. 2015). Plaintiff's Section 1983 claim fails from its inception because there is no federally secured right to refuse an employer's vaccination mandate. *See, e.g., Bazinet v. Beth Israel Lahey Health, Inc.,* 2023 WL 9687614, at *5, at *11 (D. Mass. Dec. 22, 2023), *rev'd on other grounds, Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 16 (1st Cir. 2024) (granting motion to dismiss Section 1983 claim where plaintiff alleged that her employers' mandatory COVID-19 vaccine policy deprived her of a claimed right to "bodily integrity" and noting that "the Supreme Court has rejected the idea that there is a fundamental right to refuse vaccinations" (citations omitted)), *appealed on other grounds*, No. 24-1148; *Harris v. Univ. of Massachusetts, Lowell*, 557 F. Supp. 3d 304, 312 (D. Mass. 2021) (noting that under long-standing Supreme Court precedent it is "settled that it is within the police power of a state to provide for compulsory vaccination" (citations and quotations omitted)). Thus, Plaintiff cannot show she was deprived of a federally secured right.

Regarding the actions of BILH as an alleged state actor, Plaintiff offers nothing more than conclusory allegations that Defendants were "acting under color of state law" (Cp., ¶¶ 38-39), but the Complaint is otherwise devoid of any specific, factual allegations that Defendants' actions were attributable to the Commonwealth of Massachusetts or any other state government. This is not surprising, because this Court has already dismissed multiple complaints, several of which were filed by the same counsel for Plaintiff, making the same erroneous argument that BILH and other private employers are state actors. *See Morrill v. Beth Israel Lahey Health, Inc.*, No. 1: 24-11041-LTS at 5-7 (D. Mass. Sep. 17, 2024) (dismissing 1983 claim as "BILH is not a state actor."); *Williams v. UMass Mem'l Health All.-Clinton Hosp., Inc.*, 2024 WL 4393318, at *7 (D. Mass. Sept. 30, 2024) (dismissing constitutional claims where plaintiff "fails to allege plausible facts to establish that Defendant is a state actor"); *McEntee v. Beth Israel Lahey Health, Inc.*, 685 F. Supp. 3d 43, 50–51 (D. Mass. 2023) (dismissing 1983 claim where Plaintiff did not allege any *facts* suggesting that the Defendants were operating as state actors); *Together Emps. v. Mass Gen. Brigham Inc.*, 573 F. Supp. 3d 412, 446 (D. Mass. 2021), aff'd, 32 F.4th 82 (1st Cir. 2022) (same). Defendants are not state actors, so Count II must be dismissed.

As Plaintiff was not deprived of a federally secured right and because BILH is not a state actor, Plaintiff's Section 1983 claim fails. Accordingly, Count II must be dismissed.

## CONCLUSION

For the reasons set forth above, there are no viable claims in the Complaint. Accordingly, Defendants request that the Court dismiss the Complaint in its entirety for failure to state a claim.

**BETH ISRAEL LAHEY HEALTH AND BETH ISRAEL DEACONESS HOSPITAL PLYMOUTH, INC.**

By their attorneys

*/s/ Scott A. Roberts*

Scott A. Roberts (BBO# 550732)
sroberts@hrwlawyers.com
John D. Arnold (BBO# 699350)
jarnold@hrwlawyers.com
Hirsch Roberts Weinstein LLP
One Liberty Square, 12th Floor
Boston, MA 02109
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: November 26, 2025

**CERTIFICATE OF SERVICE**

I, Scott A. Roberts, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 26, 2025.

*/s/ Scott A. Roberts*

Scott A. Roberts