**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CAROL FLYNN,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 25-cv-11953-DJC** |
| **BETH ISRAEL LAHEY HEALTH,** ) | |
| **BETH ISRAEL DEACONESS HOSPITAL** ) | |
| **PLYMOUTH, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**CASPER, C. J.**                                                                 **June 1, 2026**

## I.    Introduction

Plaintiff Carol Flynn ("Flynn") has filed this action against Defendants Beth Israel Lahey Health ("BILH") and Beth Israel Deaconess Hospital – Plymouth, Inc. ("BILH-Plymouth") (collectively, "Defendants") alleging violations of Title VII and Mass. Gen. L. c. 151B (Count I) and violations of her First Amendment rights under 42 U.S.C. § 1983 (Count II) in connection with Defendants' policy requiring employees to be fully vaccinated against COVID-19.  D. 1. Defendants have now moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  D. 9.  For the reasons stated below, the Court ALLOWS Defendants' motion to dismiss with prejudice.  Id.

## II.    Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss an action arguing that it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court must determine

1

if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal allegations are not entitled credit. Id. Second, the Court must "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. If they do not, then dismissal is warranted. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

III.    **Factual Background**

The following facts are drawn from Flynn's complaint, D. 1, and the documents attached and referenced therein, and are accepted as true for the purposes of resolving the motion to dismiss.

Flynn was employed as a registered nurse at BILH-Plymouth. See D. 1 ¶¶ 10-11. During the COVID-19 pandemic, Flynn agreed to take the first two doses of the COVID-19 vaccine. Id. ¶ 14. After taking the first two vaccine shots, Flynn alleges that she received "what she perceives as signs from God expressing God's displeasure with her taking the first [two] vaccine shots and making clear to her that her position and connection with God would be forfeited should she take another vaccine." Id. In January 2022, Defendants mandated that all employees receive a third COVID-19 vaccine booster by March 1, 2022, as a condition of continued employment. Id. ¶ 13. Flynn submitted a timely, religious exemption request. D. 1-3 at 3; D. 1 ¶ 14. Defendants denied her exemption request. D. 1 ¶ 17. As a result of Flynn's non-compliance with Defendants' vaccine

2

policy, Flynn was not permitted to work beginning in April 2022.  Id. ¶ 20.  On July 12, 2022, Flynn was terminated from her position.  Id.

## IV.    Procedural History

Flynn initiated this lawsuit on July 9, 2025.  D. 1.  Defendants now have moved to dismiss the action.  D. 9.  The Court heard the parties on the pending motion and took this matter under advisement.  D. 14.

## V.    Discussion

### A.    Count I:  Title VII and Mass. Gen. L. c. 151B Claim

In Count I, Flynn alleges that Defendants violated Title VII and Mass. Gen. L. c. 151B by failing to reasonably accommodate her religious practices.  D. 1 ¶¶ 30-35.  Defendants move to dismiss on the ground that Flynn failed to exhaust her administrative remedies before instituting this action.  D. 10 at 3-4.  "Both Title VII and Chapter 151B require an employee to file an administrative charge as a prerequisite to commencing a civil action for employment discrimination."  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (citing 42 U.S.C. § 2000e-5(f); Mass. Gen. L. c. 151B, §§ 5-9); see Halsten v. Prompt Praxis Lab'ys, LLC, No. 22-cv-10750-RGS, 2023 WL 4471831, at *2 (D. Mass. July 11, 2023) (noting that "[f]ailure to exhaust the administrative process 'bars the courthouse door'") (quoting Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005)).  Here, Flynn has failed to allege that she "file[d] a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or a parallel state agency (here, the Massachusetts Commission Against Discrimination (MCAD))."  See Halsten, 2023 WL 4471831, at *2 (citing Aly v. Mohegan Council, Boy Scouts of Am., 711 F.3d 34, 41 (1st Cir. 2013)).  Accordingly, Count I is dismissed on this basis.

3

**B.**      **Count II:  First Amendment Claim under 42 U.S.C. § 1983**

In Count II, Flynn brings a § 1983 claim alleging that Defendants violated her rights under the First Amendment by discriminating against her based upon her religion.  D. 1 ¶¶ 36-43. Defendants move to dismiss on the grounds that (1) Flynn has failed to allege a deprivation of a federally secured right and (2) Flynn has failed to allege that the challenged conduct constituted state action.  D. 10 at 4-5.  "To make out a section 1983 claim, a plaintiff must allege facts sufficient to show that the defendants acted under color of state law and caused the deprivation of federal rights."  Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021).  For Defendants to have acted under the color of state law, it must be fair to characterize them as state actors.  Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015) (citing Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005)).  If "challenged conduct cannot be classified as state action, a section 1983 claim necessarily fails."  3137, LLC v. Town of Harwich, 126 F.4th 1, 9 (1st Cir. 2025) (internal citation omitted).  The Court need not reach Defendants' former ground because the latter warrants dismissal.

To assess whether a private party conducted itself as a state actor, there are three tests. Estades-Negroni, 412 F.3d at 5; see Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986).  First, under the state compulsion test, a private party is considered a state actor if a state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State."  Estades-Negroni, 412 F.3d at 5 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (alteration in original)).  Second, under the nexus test, a private party can be considered a state actor when the circumstances demonstrate that the state has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant" in the alleged wrongdoing.

4

Id. (alteration in original).  Third, under the public function test, "a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'" Id. (quoting Blum, 457 U.S. at 1005).

As Defendants note, D. 10 at 5, Flynn's conclusory allegations that Defendants engaged in the alleged conduct "while acting under color of state law," D. 1 ¶¶ 38-39, are afforded no weight in this analysis.  See Schatz, 669 F.3d at 55.  In her opposition, Flynn argues that Defendants carried out a COVID-19 policy that originated from and was mandated by federal and state government and thus "acted as government agents."  D. 11 at 5.  Flynn also contends that Defendants "receive so much of their funding from the Federal government, it is completely beholden to it."  Id. at 7-8.  Such theories have been rejected.  McEntee v. Beth Israel Lahey Health, Inc., 715 F. Supp. 3d 182, 186 (D. Mass. 2024) (noting that "the court has already considered and rejected" arguments that BILH and BILH-Plymouth are state actors based on these same theories); see McEntee v. Beth Israel Lahey Health, Inc., 685 F. Supp. 3d 43, 50-51 (D. Mass. 2023) (noting that "receipt of federal funding is insufficient to transform a private party into a state actor" and "enacting a policy to comply with state regulations alone would not necessarily render Defendants state actors"); Williams v. UMass Mem'l Health All.-Clinton Hosp., Inc., No. 23-cv-40051-MRG, 2024 WL 4393318, at *6-7 (D. Mass. Sept. 30, 2024) (noting that a private entity's receipt of Medicare and Medicaid funding "does not suffice to transform a private entity into a state actor") (citations omitted).  Moreover, the complaint contains no non-conclusory allegations regarding Defendants' alleged status as state actors.[1]  Given this persuasive authority and absent any factual

---

[1] Flynn's reliance upon O'Connell v. Newton Pub. Schs. No. 25-cv-10192-AK, 2026 WL 184516, at *1 (D. Mass. Jan. 23, 2026) at oral argument is equally unavailing as to her argument that Defendants are state actors.  Whereas the plaintiff in O'Connell plausibly alleged that Newton

allegations in the complaint that Defendants were state actors, this claim "necessarily fails." 3137, LLC, 126 F.4th at 9.  Count II is dismissed on this basis.

### C.    Flynn's Request for Leave to Amend

In her opposition, Flynn requests leave to file an amended complaint "[s]hould the Court dismiss [her] complaint."  D. 11 at 17.  Flynn has failed to "file the proper motion for leave with supporting legal authority, see LR. 7.1, and attach a copy of the proposed amended complaint." Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 344 n.117 (D. Mass. 2010) (citation omitted).  More significantly, there is nothing in the opposition to suggest that an amendment as to lack of administrative exhaustion as to Count I or the absence of Defendants being state actors as to Count II would not be futile.  See Cabi v. Bos. Children's Hosp., 161 F. Supp. 3d 136, 164 (D. Mass. 2016) (noting that "[w]here [] the Court has explained that it is dismissing a claim due to legal deficiencies or the presence of factual allegations that render the claim legally untenable, amendment would be futile" and "[i]n those circumstances, the Court grants dismissal with prejudice") (citing Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 327 (1st Cir. 2008)); O'Connell, 2026 WL 184516, at *3 (dismissing Title VII and Chapter 151B claim with prejudice for failure to exhaust); Williams, 2024 WL 4393318, at *6 n.3 (denying request to amend where "any additional amendment would be futile because Plaintiff has not introduced any new facts suggesting that [defendant] acted as a state actor") (citations omitted).

### VI.    Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss with prejudice.  D. 9.

---

Public Schools, a public entity, is a state actor, Flynn has failed to allege that Defendants, private entities, are same, see D. 1 ¶¶ 3-4.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge